1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anna NARANJO, Plaintiff-Appellant,
v.
Donna E. SHALALA**, Secretary of Health and
Human Services, Defendant-Appellee
 No. 92-55232.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.
Decided July 29, 1993.
 
 Before GIBSON,*** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM****
 
 
 2
 Anna Naranjo appeals the denial of her application for Social Security benefits. She argues that there was not substantial evidence showing that she was not disabled, and that the Administrative Law Judge (ALJ) wrongly prevented her from further developing the factual record. We affirm.
 
 Background
 
 3
 Naranjo was born in 1936 in Mexico. She speaks almost no English, is barely literate in Spanish, and only completed the first grade.
 
 
 4
 She filed for Social Security benefits in 1987, claiming that she was disabled because of arthritis, back and foot pain, high blood pressure, and depression. Her application was initially denied, and then again on reconsideration, so she requested a hearing before the ALJ. The hearing was held, a vocational expert testified, and the ALJ concluded that she was not disabled. She then sought review before the agency appeals council, and they remanded back to the ALJ, who held a supplemental hearing, and again denied her claim.
 
 
 5
 Naranjo then filed the present suit in district court, seeking review of the Secretary's determination that she was not disabled. The district court granted the Secretary's motion for summary judgment, finding that substantial evidence supported the determination that Naranjo was not disabled. This appeal followed.
 
 I. Disability
 A. Standards
 
 6
 The district court's decision is reviewed de novo. Swenson v. Sullivan, 876 F.2d 683, 686 (9th Cir.1989). The Secretary's denial of benefits will be affirmed "if his findings are supported by substantial evidence and he applied correct legal standards." Id. at 687. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.quoting Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 7
 "Disability"[1] means the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. Sec. 423(d)(1)(A).
 
 A. Analysis
 
 8
 The vocational expert testified that approximately 5,500 jobs in San Diego, 55,000 in the United States, or half a million in the entire country would be suitable for Naranjo, assuming that she could lift up to 30 pounds, sit or stand for six to eight hours, and be limited to a simple, repetitive tasks. The jobs were in the "medium" category. Naranjo does not challenge the testimony that such jobs are available, rather she argues that she could not meet the physical and psychological requirements.
 
 
 9
 The evidence pertaining to the extent of Naranjo's physical capabilities was somewhat controverted, but there was substantial evidence showing that she was not disabled. Naranjo testified to her disability, but according to one doctor, "[n]o significant objective findings were detected on today's examination to substantiate the applicant's subjective complaints." Other doctors reported that she had a basically normal range of motion, although she reported back and hip pain. Although none of the doctor's reports indicated that she was in prime physical condition, there was sufficient evidence to make a finding of non-disability.
 
 
 10
 There was also substantial evidence indicating that her mental health, while far from optimal, was also not so bad as to render her disabled. All the doctors agreed that she suffered from depression, but Dr. Barrera concluded that she was not suffering from any formal thought disorder, and that her judgment was "fairly well preserved." Another doctor concluded that she was mildly depressed. Her depression, while real, was "inadequate to support a conclusion of disability." Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir.1982).
 
 
 11
 There thus was substantial evidence to support the conclusion that Naranjo was not disabled. Given the evidence, we will not second-guess the ALJ's finding that Naranjo was exaggerating the degree of her symptoms. Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989).
 
 II. Interrupting of Naranjo's Attorney
 
 12
 Naranjo complains that the ALJ improperly interrupted her attorney and prevented him from asking certain questions. Her lawyer was asking the vocational expert whether she could do any work, including light work, if she could lift no more than eight pounds, and the vocational expert started to respond
 
 
 13
 Vocational Expert: And to come back to answer your's, with this stipulation [that she could lift no more than eight pounds], she wouldn't even be able to do sedentary work because of the weight requirement.
 
 
 14
 ALJ: Counsel, only for the purpose of this hearing, if you're going to find her anything at light or below, she's going to be found disabled because of the grid, so why ask him? The grid controls with her age, with her, with her lack of educa--lack of work experience, if it's light or less, she's going to be disabled--and inability to speak English--so there's no point in giving him the hypotheticals that are anything within that category because you, you already have a basis for disability here in the grid regulations.
 
 
 15
 Atty: Well, I would certainly agree with you there, your honor. I have no further questions.
 
 
 16
 (emphasis added)
 
 
 17
 The ALJ was reminding Naranjo's lawyer that there was no point in talking about her eligibility for light work, because if she was not eligible for medium work or above, according to the "grid," she would be disabled. Naranjo did not contest that proposition at the hearing, and she does not now. Given that she agrees it would be futile to inquire about eligibility for light work and her lawyer's statement that he had no more questions, Naranjo has no basis to complain that the ALJ improperly prevented her from developing a factual record.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Pursuant to Fed.R.App.P. 43(c), Donna E. Shalala is substituted for Louis W. Sullivan
 
 
 ***
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The claimant bears the initial burden of proving disability, but if the claimant shows that she is unable to do her prior work, the burden shifts to the Secretary to show that there is some other job she could perform. Swenson, 876 F.2d at 687. The ALJ found that, because Naranjo had no prior job, the burden did shift to the Secretary to show that there was work available in the national economy which she could perform